# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

HENRY S. SCRUGGS,

    Petitioner,

    -vs-

WARDEN, Lake Erie Correctional
  Institution,

    Respondent.

Case No. 1:07-cv-659

District Judge Michael R. Barrett
Chief Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 29) to the Magistrate Judge's Report and Recommendations (Doc. No. 8) recommending that the Petition be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Mr. Scruggs was convicted in the Hamilton County Common Pleas Court on one count of robbery in violation of Ohio Revised Code § 2911.02(A) and sentenced to a six-year term of confinement. He seeks habeas corpus relief from this Court, pleading the following grounds for relief:

> **Ground One:** Denial of Effective Assistance of Counsel
>
> **Supporting Facts:** Trial counsel failed to investigate whether there was potentially material, exculpatory evidence of the alleged offense in this case, to wit, automated teller machine ("ATM") video

-1-

surveillance footage and to produce an expert witness to provide testimony on behalf of the defendant concerning whether such ATM footage existed,

**Ground Two:** Conviction obtained by the Unconstitutional Failure of the Prosecution to Disclose to the Defendant Favorable Evidence.

**Supporting Facts:** The state's prosecuting attorney was requested several times by the defense to provide "any and all video and/or audio taped recordings" that would lead to the defendant's apprehension and guilt of the charged offense or which would be favorable to the defendant's innocence, yet the state failed to comply.

**Ground Three:** Conviction Obtained by the Trial Court Impermissably [sic] Allowing the State Assistant Prosecuting Attorney to Ammend [sic] the Indictment.

**Supporting Facts:** The trial court committed reversible error by permitting the state to amend the indictment in this case based on vital elements and/or omissions not presented to the grand jury. Thus the defendant was convicted on evidence essentially different from that found by the grand jury.

**Ground Four:** Conviction Obtained by Insufficient Evidence

**Supporting Facts:** It was adduced at trial by the alleged victim in this case that not only did this alleged offense occur directly in the presence of an ATM, but that the defendant attempted to commit a theft offense of a deposit envelope containing an endorsed check, presumably owned by the alleged victim. This crucial piece of evidence was not presented at trial although the alleged victim still retained the envelope.

**Ground Five**: Denial of effective Assistance of Appellate Counsel

**Supporting Facts:** Appellate counsel erroneously attached a personal letter written by the defendant-appellant to appellate counsel to defendant-appellant's brief for meritorious consideration on appeal, which merely contained "probable issues" to be implemented within the brief upon counsel's review and approval. Appellate counsel also failed to even present arguments for the proposed issues forwarded to him.

**Ground Six:** Denial of State District Court to Remove Counsel

>**Supporting Facts:** Defendant-appellant filed a motion in the state district appellate court to remove appointed counsel on direct appeal and the court denied defendant-appellant's request.
>
>**Ground Seven:** Conviction Obtained by Erroneous Jury Instruction
>
>**Supporting Facts:** The defendant appeared at trial dressed in county jail garb, and the trial court inferred [sic] upon the jury's duty to determine the credibility of the defendant on the stand while testifying. The petitioner asserts that all the facts necessary for his conviction be established by proof beyond a reasonable doubt.

(Petition, Doc. No. 1, at 4-6.)

On February 1, 2008, Respondent Warden filed a Return of Writ arguing that the Petition herein should be dismissed with prejudice (Doc. No. 19). Despite filing several other motions (See Doc. Nos. 21, 22), Petitioner has never filed a reply to the Return of Writ. Therefore the case is ripe for consideration on the basis of the record now before the Court.

### Ground One

In his first Ground for Relief, Petitioner asserts he suffered ineffective assistance of trial counsel when his trial attorney failed to procure video surveillance footage of the robbery, which occurred at an ATM machine. In the original Report and Recommendations, the Magistrate Judge concluded, as Respondent had argued, that this ground for relief was procedurally defaulted because it was only raised in Petitioner's *pro se* motion for new trial. In his Objections, Petitioner argues that because he presented the claim in his motion for new trial, there is no procedural default (Objections, Doc. No. 29, at 6.)

While it is true that Mr. Scruggs raised this claim in a timely motion for new trial, he did not

include it in the assignments of error he raised on direct appeal, either through the assignment of error his counsel filed or the *pro se* assignments he himself filed. He notes that he did plead ineffective assistance of counsel on further direct appeal to the Ohio Supreme Court, but that Court will not hear issues which have not been presented to the Court of Appeals. ¶ 2 of the syllabus in *State v. Williams,* 51 Ohio St. 2d 112, 364 N.E. 2d 1364 (1977)(*Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), approved and followed.). This explicitly includes constitutional questions. *State v. Phillips,* 27 Ohio St. 2d 294, 272 N.E. 2d 347 (1971).

In his Objections, Petitioner asserts his failure to include this claim at the Court of Appeals level is excused by the ineffective assistance of his appellate lawyer. However, ineffective assistance of appellate counsel as cause must first be presented to the state courts; if it has not, that claim itself is procedurally defaulted. *Edwards v. Carpenter,* 529 U.S. 446, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000). Although Petitioner filed an application to reopen in the Ohio Court of Appeals, asserting ineffective assistance of appellate counsel, this is not one of the claims he made there.

Petitioner asserts that his procedural default can also be excused because he is actually innocent of the crime of robbery, relying on *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995). However, to utilize the *Schlup* "gateway" to avoid a procedural default, a habeas petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt' in the light of the new evidence he or she is tendering. Petitioner has presented no new evidence of actual innocence. Compare *House v. Bell,* 547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006).

Even if this claim were not procedurally defaulted, it would be without merit because

Petitioner has failed to demonstrate that the video surveillance tape which he says would show his innocence actually exists or what it shows. A trial attorney cannot be ineffective for failure to discover evidence which does not exist.

**Ground Two**

In Ground Two, Petitioner asserts a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), in which the Supreme Court held that the State has a duty to produce exculpatory evidence in a criminal case and that failure to produce such evidence requires reversal of the conviction. Petitioner raised this claim on direct appeal to the Hamilton County Court of Appeals by way of his *pro se* supplement to the brief his counsel filed. Petitioner objects to the Magistrate Judge's conclusion that the Court of Appeals considered the claim on the merits, arguing that it only came to them by way of his *pro se* supplement and they only addressed the claim in a "very vague manner with no full explanation for its reasoning nor any fact-finding and conclusions of law reached." (Objections, Doc. No. 29, at 9.)

The Hamilton County Court of Appeals determined that the prosecutor committed no misconduct in this case by way of withholding *Brady* material. While its treatment of the claim is brief, it is without doubt on the point and the record supports its conclusion with many references to evidence produced in discovery by the State. In order to avoid being contrary to Supreme Court precedent, a state court decision need not cite the controlling precedent or even be aware of it "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3; 123 S. Ct. 362; 154 L. Ed. 2d 263 (2002)(per curiam). It is sufficient if the

result and reasoning are consistent with Supreme Court precedent. *Slagle v. Bagley*, 457 F.3d 501 (6th Cir., 2006), citing *Early v. Packer, supra.* A state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S.C. §2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law. "'Adjudicated on the merits' has a well-settled meaning: a decision finally resolving the parties' claims, with *res judicata* effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Sellan v. Kuhlman*, 261 F.3d 303 (2nd Cir. 2001). Under the Supremacy Clause, state courts are obligated to apply and adjudicate federal claims fairly presented to them. *Sellan, citing Testa v. Katt,* 330 U.S. 386, 67 S. Ct. 810, 91 L. Ed. 967 (1947). The Hamilton County Court of Appeals decision on this claim, while summary, is sufficient to be an adjudication on the merits entitled to deference under 28 U.S.C. § 2254.

The Report concluded there is no proof whatsoever by Petitioner that there exists any exculpatory audio or video tape evidence which was withheld from him. In his Objections, he does not point to any evidence that such a tape exists except that "it should stand to reason" that a robbery occurring in front of an ATM would elicit video surveillance footage. (Objections, Doc. No. 29, at 9.) However, Petitioner's evident belief that all ATM machines are under video surveillance and that what is viewed is recorded and saved is just that, a belief, and not evidence. To put it another way, the burden of proving that such a tape exists is on the Petitioner; the State is not required to prove that no such tape exists or ever existed. There is no doubt that if there were such a tape and it supported Petitioner's account of what happened and the State had possession of the tape (or knew of it and had access to it), it would constitute *Brady* evidence, but there is no proof such a tape exists.

**Ground Three**

In Ground Three, Petitioner asserts that the trial court committed reversible error in allowing an amendment of the indictment in this case to allege that it was a check rather than currency which Petitioner took or attempted to take from the victim. Because there is no federal constitutional right to grand jury indictment and the State made Petitioner aware by bill of particulars long before trial that it was going to prove it was a check rather than currency which was taken in the robbery, the Magistrate Judge concluded Ground Three should be denied on the merits. Petitioner's Objections add nothing on this Ground for Relief which requires further analysis.

**Ground Four**

In Ground Four, Petitioner asserts that he was convicted on insufficient evidence. Respondent concedes that this claim is preserved for merit review even though it was argued in the state Court of Appeals as a manifest weight of the evidence claim.

The Hamilton County Court of Appeals found the following facts:

> Shortly after midnight on November 19, 2003, University of Cincinnati students Guy Baker and Justin Gambill drove to an automatic teller machine ("ATM") so that Baker could deposit a check for Gambill. Gambill stayed in the car while Baker went to deposit the check. While Baker was at the ATM, Scruggs approached him, punched him, and tried to take the deposit envelope that had the check in it. Baker dropped the envelope and pushed Scruggs away. When Gambill got out of the car and brandished a pair of pliers, Scruggs ran back to a waiting car driven by John Davis. Baker immediately called for emergency assistance and reported the incident. He also told the operator the license-plate number of the car that had been driven by Davis. He repeated the information to a

> police officer who reported to the scene. A description was put out on the police radio, and after a police pursuit that ended with Davis's car crashing, Scruggs was stopped by police. Baker was taken to the scene of the accident and identified Scruggs.
>
> Scruggs was charged with robbery in violation of R.C. 2911.02(A)(2). The case was tried before a jury. At trial, Scruggs claimed that he had not attempted to take the envelope from Baker. Instead, according to Scruggs, he had approached Baker to ask for directions to a University of Cincinnati dormitory and had run off after Baker and Gambill yelled racial epithets at him and threatened him with what Scruggs thought was a gun.

(*State v. Scruggs*, Opinion at Return of Writ, Doc. No. 19, Ex. 12 at 1-2).

Under §2254(e)(1), a state court's findings of fact are presumed correct and may be rebutted by the petitioner only by clear and convincing evidence to the contrary. *Mitchell v. Mason,* 325 F.3d 732, 737-38 (6th Cir. 2003); *Warren v. Smith,* 161 F.3d 358, 360-61 (6th Cir. 1998). This statutory presumption of correctness extends to factual findings made by state appellate courts on the basis of their review of trial court records. *Girts v. Yanai,* 501 F.3d 743, 749 (6th Cir. 2007); *Mason v. Mitchell,* 320 F.3d 604, 614 (6th Cir. 2003); *Brumley v. Wingard,* 269 F.3d 629, 637 (6th Cir. 2001), citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981). Petitioner claims that these findings are an unreasonable determination of facts in light of the evidence presented, but he does not cite any contradictory evidence in the record. He recites part of the cross-examination of the victim in which the victim admits that Petitioner made no verbal demand for money, did not continue to hurt from the punch he received from Scruggs by the time the police arrived, and did not have the envelope which contained the check Scruggs was charged with trying to steal. None of those admissions contradict the victim's testimony that Scruggs punched him or attempted to take the deposit envelope or that he identified Scruggs shortly thereafter when the police returned him to the scene. The essential elements of robbery under Ohio law are the use of force in committing or attempting

to commit a theft offense. The victim's testimony that Scruggs punched him in the chest and attempted to take the deposit envelope are sufficient, whether or not Scruggs said anything and whether or not the deposit envelope was available to introduce in evidence. Under *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the evidence must be viewed in the light most favorable to the prosecution,. When that is done in this case, there was sufficient evidence to convict and Ground Four for Relief should be dismissed..

## Grounds Five and Six

In these two Grounds for Relief, Petitioner asserts he received ineffective assistance of appellate counsel in that his appointed attorney did not provide any argument or citations of law in support of the *pro se* assignments of error Petitioner tendered as "probable issues" and generally that appellate counsel was not replaced when he requested that the Court of Appeals do so. The Objections do not require further analysis. The Fifth and Sixth Grounds for Relief are without merit and should be denied.

## Ground Seven

In Ground Seven, Petitioner alleges that an improper jury instruction allowed the jury to infer his guilt from the fact that he appeared in jail garb. The Magistrate Judge concluded this claim was procedurally defaulted by Petitioner's failure to raise it on direct appeal to the Hamilton County Court of Appeals. Petitioner concedes that he did not do so, but offer as an excuse that he received

ineffective assistance of appellate counsel when counsel did not raise this claim. In order to rely on ineffective assistance of counsel as excusing cause, one must first raise and litigate that claim in the state courts. *Edwards v. Carpenter, supra.* Although Petitioner filed an Application to Reopen the direct appeal in which he could have raised this claim, he did not do so. Therefore the Seventh Ground for Relief remains procedurally defaulted.

## Conclusion

Having reviewed the case in light of the Objections, the Magistrate Judge again recommends the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, he should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

November 11, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make

objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Scruggs Habeas Supp R&R.wpd